Pearson, J.
 

 The third breach assigned is, that he “had failed to return the note to the relator.” Upon this (which is the only matter excepted to) the charge is, * for a failure to return the note, the plaintiff is entitled to recover nominal damages only.” To this the plaintiff excepts. There i.s no ground for the exception, for, admitting that his Honor ought to have charged, that, unless the note was returned or
 
 accounted for,
 
 the plaintiff was entitled to recover its value, as being converted and applied to his own purposes by the officer, the exception was untenable, because the case states, that, “in a day or two after the note was put into his hands a “judgment .was obtained thereon and execution sued out.” This accounts for the note ; it merged in the judgment, was cánceíled, and remained in the hands of the justice.
 

 
 *373
 
 Whether the plaintiff would have been entitled to any, and what damage, if a failure to return the
 
 judgment
 
 had been assigned as a breach, is a different question ; for a judgment is a
 
 quasi
 
 record, and ought properly to be retained by the justice. We are not informed what is the fact in reference to this matter; at all events the Judge did not decide this question, and the exception does not raise it.
 

 There is no error, of which the plaintiff has a right to complain.
 

 Per Curiam, Judgment affirmed.